UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────

№ 18-CV-2267 (JFB) (GRB)

───────────────────────

Maureen Hogan,

Plaintiff,

versus

National Enterprise Systems, Inc. and Eltman Law, P.C.,

Defendants.

───────────────────────

**MEMORANDUM AND ORDER**
March 18, 2019

───────────────────────

Joseph F. Bianco, District Judge:

Plaintiff Maureen Hogan ("Hogan" or "plaintiff") brings this action against defendants National Enterprise Systems, Inc. ("NES") and Eltman Law, P.C. (collectively, "defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff's claim arises from a letter she received from NES, dated April 17, 2017, sent in an attempt to collect a past due debt owed to Eltman Law, P.C., which had been acquired from Fleet Bank. Plaintiff asserts that defendants violated the FDCPA because the letter did not provide information sufficient for plaintiff to ascertain what she would need to pay to satisfy her debt at any given point in the future. NES moves for judgment on the pleadings on this claim, pursuant to Federal Rule of Civil Procedure 12(c), arguing that the letter is not false, misleading, or deceptive, nor does the letter fail to convey the amount of the debt. For the reasons set forth below, the Court grants NES's motion for judgment on the pleadings in its entirety.

However, because plaintiff requested leave to re-plead and made reference to an additional claim in her opposition (which the Court does not consider here), the Court will conduct a status conference to determine whether plaintiff wishes to make a motion to amend in light of the Court's decision.

I. Background

A. Factual Background

The Court takes the following facts from the complaint, as well as the collection notice from NES, which is attached to the complaint.

Plaintiff alleges that she is a "consumer" and that defendants are "debt collectors," as defined by the FDCPA. (Compl. ¶¶ 5-10.) Plaintiff received a letter from NES, dated April 17, 2017, seeking to collect a financial obligation plaintiff incurred primarily for personal, family, or household purposes—a "debt" as defined by the FDCPA. (Compl. ¶ 12.) The letter, which lists an address of 234 Mount Sinai Coram Rd, Coram, NY

11727-2241 in the upper-left corner, reads, in relevant part:[1]

> Current Creditor: ELTMAN LAW, P.C.
> Original Creditor: FLEET BANK
> Account Number: ***5542
> NES Account Number: ***9602***
> Date of Referral: 4/16/2017
> Date of Service: 1/14/2003
> Total Amount Due at Charge-Off: $30,813.84
> Total Amount of Interest Accrued Since Charge-off: $ 666.86
> Total Amount of Non-Interest Charges and Fees Accrued Since Charge-off: $ 0.02
> Total Amount of Payments/Credits Since Charge-off: $ 0.02
>     ****
> Balance: $31,480.70
>
> This account has been listed with our office for collection. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
>     ****
>
> As of the date of this letter you owe $31,480.70. Because of interest, collection costs and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay $31,480.70, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write this office or call the above referenced number.

(Compl. ¶ 19-23 and "Exhibit 1" or "the Letter".)

B. The Claims

Plaintiff asserts that, because of its lack of specificity with regard to the collateral costs accruing to the debt being collected, this letter violates 15 U.S.C. §§ 1692e ("Section 1692e") and 1692g ("Section 1692g"). In particular, plaintiff contends that NES failed to notify her "what [she] will need to pay to resolve the debt at any given moment in the future," by omitting a fulsome explanation of the fees or interest owing and accruing, and that she was thus "unable to determine the amount of her debt because [she] would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static." (Compl. ¶¶ 24-37.)

C. Procedural Background

Plaintiff filed the complaint in this action on April 17, 2018. (ECF No. 1.) Defendant National Enterprise Systems, Inc. filed a motion for judgment on the pleadings on July 20, 2018. (ECF No. 16.) Plaintiff filed her memorandum in opposition to NES's motion on August 20, 2018. (ECF No. 22.) NES replied on September 7, 2018. (ECF No. 24.) The Court held oral argument on October 16, 2018, and reserved decision. (ECF No. 26.) The Court has fully considered the parties' submissions and arguments.

II. STANDARD OF REVIEW

Courts evaluate a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) under the same standard as a motion pursuant to Federal Rule

---

[1] Any omitted information is irrelevant. For instance, the letter includes a note: "NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION," which directs recipients to state-specific notices to consumers that have no bearing on the issues in this case. The letter also includes account numbers and validity dispute and payment instructions.

2

of Civil Procedure 12(b)(6) for failure to state a claim. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See id*; *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Supreme Court instructed district courts to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679 (explaining that though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting and citing *Twombly*, 550 U.S. at 556-57).

The Court notes that, in adjudicating this motion, it may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005).

III. DISCUSSION

Defendant NES moves for judgment on the pleadings, arguing that plaintiff does not state a claim for relief under the FDCPA because there was nothing false, misleading, or deceptive, under Section 1692e, about the letter it sent plaintiff in an attempt to collect her past due debt, and because the letter adequately conveyed "the amount of the debt" in compliance with Section 1692g. For the reasons set forth below, the Court concludes that, as a matter of law, defendant's collection notice was not false, deceptive, or misleading in omitting further detail with regard to the accrual of collateral costs, including interest. For the same reasons, the Court concludes that NES did not misrepresent the amount of the debt under Section 1692g. The Court, therefore, holds that plaintiff failed to state a claim that NES

violated the FDCPA, and grants NES's motion for judgment on the pleadings.

A. Applicable Law

Congress created the FDCPA to respond to the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a); *see Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005). Finding that such practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy," the FDCPA aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §§ 1692(a), 1692(e).

To determine whether a debt collector's communication violates the FDCPA, courts apply an objective test based on the understanding of the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993). According to the Second Circuit, the "least sophisticated consumer" standard is "an objective analysis that seeks to protect 'the naïve' from abusive practices while simultaneously shielding debt collectors from liability for 'bizarre or idiosyncratic interpretations' of debt collection letters." *Greco*, 412 F.3d at 363 (citations omitted). The Second Circuit has emphasized, however, that "even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (quoting *Clomon*, 988 F.2d at 1318-19).

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A communication is considered false, deceptive, or misleading to the "least sophisticated consumer" if it is "open to more than one reasonable interpretation, at least one of which is inaccurate."[2] *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012). This is a question of law. *Shami v. Nat'l Enters. Sys.*, 914 F. Supp. 2d 353, 359 (E.D.N.Y. 2012). As such, the Court can resolve whether a communication violates Section 1692e on a motion to dismiss. *See, e.g., Diaz v. Residential Credit Sols., Inc.*, 965 F. Supp. 2d 249, 256 (E.D.N.Y. 2013) (citing *Rozier v. Fin. Recovery Sys.*, No. 10–CV–3273 (DLI)(JO), 2011 WL 2295116, at *2 (E.D.N.Y. June 7, 2011)).

Section 1692g(a) sets forth the required disclosures for a debt collector's initial communication to a consumer. Specifically, the debt collector must include (1) the

---

[2] District court decisions in this circuit have incorporated a materiality prong into this analysis, *see, e.g., Vu v. Diversified Collection Servs., Inc.*, 293 F.R.D. 343, 360 (E.D.N.Y. 2013) (citing *Fritz v. Resurgent Capital Servs., L.P.*, 955 F. Supp. 2d 163, 170-71 (E.D.N.Y. 2013)), relying on the Second Circuit's apparent approval of the materiality requirement in an unpublished opinion, *Gabriele v. Am. Home Mortg. Serv., Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012). The court in *Gabriele* stated that "not every technically false representation by a debt collector amounts to a violation of the FDCPA," and cited FDCPA cases discussing the materiality of a misrepresentation, but did not affirmatively adopt a materiality requirement. 503 F. App'x at 94-96. This Court, however, need not decide whether to incorporate the materiality requirement in this case because, as set forth below, the Court concludes that NES's letter was not false, deceptive, or misleading in the first instance as a matter of law.

amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that the consumer may dispute the validity of the debt within thirty days after receipt of the initial communication, lest the debt be assumed valid by the debt collector; (4) a statement that if the consumer notifies the debt collector that the consumer is disputing the debt, the debt collector must provide verification of the debt; and (5) a statement that, if the consumer requests the name and address of the original creditor in writing within thirty days of receiving the initial communication, the debt collector must provide it. 15 U.S.C. § 1692g(a). NES's letter included the above-referenced specific disclosures. For the same reasons that plaintiff alleges a violation of Section 1692e, plaintiff asserts that the collection letter did not adequately set forth the amount of the debt as required under Section 1692g.

B. The FDCPA Claim Based on Failure to Explain Accrual of Fees and Interest

As noted above, plaintiff claims that the collection notice violated the FDCPA because it failed to provide detailed information about future fees and the accrual of interest that would enable her to ascertain what amount would need to be paid to satisfy her debt at any given point in the future. As set forth below, that claim fails as a matter of law under Sections 1692e and 1692g.

NES argues that its letter must be sufficient as a matter of law because it provides the total amount of the debt and uses the safe harbor language adopted by the Second Circuit in *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016). In *Avila*, plaintiff successfully alleged that defendants failed to adequately explain that the balance of his debt could increase, and the court held that the safe harbor language approved by the Seventh Circuit in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000), would, in future cases, be sufficient to protect debt collectors from suit under Section 1692e for "failing to disclose that the consumer's balance may increase due to interest and fees." *Avila*, 817 F.3d at 77. Plaintiff argues, however, that because the letter fails to provide sufficient detail to advise plaintiff of what amount would satisfy her debt at any point in the future, it is deficient under both sections, regardless of the safe harbor language. In particular, plaintiff argues that the use of the *Avila* safe harbor language does not allow NES to escape liability under *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017), wherein the Second Circuit held that a letter estimating a future "Total Amount Due," incorporating as yet unaccrued fees and costs, violated Section 1692g. NES responds that, because its letter uses the safe harbor language, and states a *current* amount due, *Carlin* does not impose additional requirements above and beyond *Avila* that would result in the defendants being in violation of the FDCPA.

Since the conclusion of briefing and oral argument, the Second Circuit settled the issue at hand in *Kolbasyuk v. Capital Management Services, LP*, 2019 WL 1119191, No. 18-1260-cv (2d Cir. Mar. 12, 2019). In *Kolbasyuk*, as here, plaintiff alleged that a debt collection letter using the *Avila* safe harbor language nonetheless violated Sections 1692e and 1692g because it failed to include "'what portion of the amount listed is principal,' 'what other charges might apply,' 'if there is interest,' 'when such interest will be applied,' and 'what the interest rate is.'" *Id*. at *1. There, plaintiff likewise argued that *Carlin* required the letter to contain information that would allow a consumer to ascertain "what she will need to pay to resolve the debt at any given moment in the future," or else violate Section 1692g. *Id*. at *3. The Second Circuit made clear that "*Carlin* does not control this case," and that plaintiff had taken the "any given moment"

5

language out of context. More specifically, the Court noted that in *Carlin*, the defendant did not provide the present amount owed, but rather provided only an "estimated, future amount that [plaintiff] *might* owe," where in *Kolbasyuk*, the current amount owed was clearly stated. In such a case, the Court stated, "*Carlin* simply lacks relevance." *Id*. The Second Circuit further explained, "[w]e therefore create no inconsistency with our precedent in holding that a debt collection letter that informs the consumer of the total, present quantity of his or her debt satisfies Section 1692g, notwithstanding its failure to inform the consumer of the debt's constituent components or the precise rates by which it might later increase." *Id*.

With regard to Section 1692e, the Court held that in light of the use of the safe harbor language— namely, "[b]ecause of interest, late charges, and other charges that may vary from day to day, *the amount due on the day you pay may be greater*"—plaintiff had been supplied with "an explicit warning" that the amount of his debt might increase, and thus "not even the least sophisticated consumer" could conclude otherwise. *Id*. at *4 (emphasis in original). Although the Court noted that the safe harbor language "might not immunize debt collectors from *all* liability" under Section 1692e, it made clear that the language does so against claims that turn on whether the "'consumer's balance may increase due to interest and fees.'" *Id*. (emphasis in original) (quoting *Avila*, 817 F.3d at 77).

In the instant case, as in *Kolbasyuk*, the letter states the current amount of debt in clear terms—"[a]s of the date of this letter you owe $31,480.70"—and, except the substitution of the term 'collection costs' for 'late charges,' uses the exact safe harbor language adopted in *Avila* and re-affirmed in *Kolbasyuk*, to notify plaintiff that "[b]ecause of interest, collection costs and other charges that may vary from day to day, the amount due on the day you pay may be greater." Compl., Exhibit 1. In light of the Second Circuit's holding in *Kolbasyuk*, it is clear that the combination of these disclosures in the letter, which both provide the current amount owed and a warning that the amount might increase over time, satisfies Sections 1692e and 1692g, and that no further specificity is required with regard to the manner in which the amount might increase. *See Kolbasyuk*, 2019 WL 1119191 at *4 ("A failure to provide the additional detailed disclosures that Kolbasyuk seeks does not transform CMS's otherwise-straightforward letter into a 'false, deceptive, or misleading' one.")

Thus, the Court concludes, under *Kolbasyuk*, that the disclosures plaintiff argues were required in this case by the FDCPA are not compelled by *Avila*, and that the mandates of *Carlin* are inapplicable where, as here, NES has utilized the safe harbor language and clearly presented the current amount due. Accordingly, the Court holds that defendant's letter did not violate Sections 1692e or 1692g of the FDCPA by not containing the disclosures sought by plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the Court grants NES's motion for judgment on the pleadings in its entirety.[3]

SO ORDERED.



JOSEPH F. BIANCO
United States District Judge

Dated: March 18, 2019
Central Islip, NY

\*\*\*

Plaintiff is represented by Craig Sanders, David Barshay, and Jonathan Cader, Sanders Law PLLC, 100 Garden City Plaza, Suite 500, Garden City, NY 11530. NES is represented by Jonathan B. Bruno and Deborah M. Isaacson, Rivkin Radler LLP, 555 Madison Avenue, 26th Floor, New York, NY 10022.

---

[3] In her opposition to NES's motion, plaintiff also argued that, even if *Avila* applies, the letter is confusing "because [it] includes a line-item assessment of $0.02 as 'Non-Interest Charges and Fees Accrued Since Charge-Off,' juxtaposed by a credit issued in that amount under the heading 'Total Amount of Payments/Credits Since Charge-Off $0.02.'" (Pl.'s Opp. Mem. at 15.) However, no such claim is contained plaintiff's complaint and it is improper to raise a new claim in response to NES's motion for judgment on the pleadings. Accordingly, the Court will not consider this claim, but will give plaintiff the opportunity to make a motion to amend. Moreover, in her opposition papers, plaintiff generally seeks leave to amend to correct any deficiencies identified by the Court in the allegations of the complaint. Thus, the Court will conduct a status conference to discuss plaintiff's motion to amend and set a briefing schedule for that motion.